IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CAROL T.**[1], <br><br>    Plaintiff, <br><br> v. <br><br> **KILOLO KIJAKAZI,** Acting Commissioner of Social Security, <br><br>    Defendant. | Case No. 6:22-cv-1310-SI <br><br> **OPINION AND ORDER** |

H. Peter Evans, EVANS & EVANS, PC, 222 NE Park Plaza Drive, Suite 113, Vancouver, WA 98684. Of Attorneys for Plaintiff.

Natalie K. Wight, United States Attorney, and Kevin Danielson, Civil Division Chief, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Corey Fazekas, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 6401 Security Blvd, Baltimore, MD 21235. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Carol T. (Plaintiff) seeks judicial review of the final decision of the Commissioner of the

Social Security Administration (Commissioner) denying her application for Disability Insurance

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

Benefits (DIB) pursuant to Title II of the Social Security Act (Act). For the reasons discussed below, the Commissioner's decision is affirmed.

## STANDARD OF REVIEW

The decision of the administrative law judge (ALJ) is the final decision of the Commissioner in this case. The district court must affirm the ALJ's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the ALJ's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the ALJ. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the ALJ on a ground upon which the ALJ did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff applied for DIB on December 6, 2019, alleging an onset date of September 1, 2016. AR 55-56, 166. On her alleged onset date, Plaintiff was 52 years old. Plaintiff's application was denied on June 22, 2020, and again on reconsideration on October 12, 2020. AR 55-70, 72-85. Plaintiff requested a hearing before an ALJ, which was held on March 8, 2021. AR 32-53. On June 25, 2021, the ALJ issued a decision finding Plaintiff not disabled during the relevant period. AR 16-27. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1. Plaintiff now seeks judicial review of the Commissioner's decision.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are:

> (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Keyser*, 648 F.3d at 724-25. Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Tackett*, 180 F.3d at 1099; *see Bustamante*, 262 F.3d at 954.

## C. The ALJ's Decision

As a preliminary step to Plaintiff's DIB claim, the ALJ found that Plaintiff met the insured status requirements through December 31, 2018. AR 18. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from her alleged onset date of September 1, 2016, through her date last insured of December 31, 2018 (the "relevant period"). *Id.* At step two, the ALJ found Plaintiff had the following severe impairments: "right shoulder degenerative joint disease post arthroscopic decompression and distal clavicle resection and tendon repairs; obesity; and cervical degenerative disc disease with some stenosis." *Id.* At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the specific impairments listed in the regulations. AR 22.

Next, the ALJ determined Plaintiff's Residual Functional Capacity (RFC) and found she could perform light work, with the following exceptions and limitations:

> [T]he claimant could climb ramps, stairs, ropes, ladders, and scaffolds frequently. She could balance and stoop frequently. She could crawl, crouch, and kneel occasionally. She could reach overhead, bilaterally occasionally.

*Id.* At step four, the ALJ found Plaintiff could perform her past relevant work as an office manager and a deli clerk. AR 26. Accordingly, the ALJ found Plaintiff was not disabled during the relevant period. *Id.* The ALJ did not reach step five.

## DISCUSSION

Plaintiff argues that the ALJ erred by (1) improperly discounting her subjective symptom testimony, and (2) improperly relying on the testimony of a vocational expert (VE) without reconciling an inconsistency with the Dictionary of Occupational Titles (DOT). The Court addresses each in turn.

**A. Subjective Symptom Testimony**

**1. Standards**

A claimant "may make statements about the intensity, persistence, and limiting effects of his or her symptoms." SSR 16-3p, *available at* 2017 WL 5180304, at *6.[2] There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v.*

---

[2] Effective March 28, 2016, Social Security Ruling (SSR) 96-7p was superseded by SSR 16-3p, which eliminates the term "credibility" from the agency's sub-regulatory policy. SSR 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14166 (Mar. 16, 2016). Because, however, case law references the term "credibility," it may be used in this Opinion and Order.

*Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

Consideration of subjective symptom testimony "is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. SSR 16-3p, 2017 WL 5180304, at *2. The Commissioner recommends that the ALJ examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. The Commissioner further recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate

symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id.* at *6-7.

The ALJ's decision relating to a claimant's subjective testimony may be upheld overall even if not all the ALJ's reasons for discounting the claimant's testimony are upheld. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ may not, however, discount testimony "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

**2. Analysis**

The ALJ did not dispute that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, and the ALJ made no finding of malingering. AR 23. Accordingly, the Court moves to the second step of the analysis, at which the ALJ was required to make specific, clear, and convincing findings to support her rejection of Plaintiff's testimony. *Lingenfelter*, 504 F.3d at 1036.

**a. Relevant Period**

First, the ALJ found that "[s]ome of the symptoms and limitations the claimant discussed in her testimony seem to be more recent and after the date last insured." AR 23. During the hearing, the ALJ asked Plaintiff what keeps her from working, and Plaintiff explained it was due to "[p]ain in my neck and headaches, shoulder pain, depression, anxiety" and that she was "just

diagnosed with arthritis in my lower back and my right knee." AR 40. She also testified that she has headaches every day for hours at a time. AR 44.

Most of the medical record before the ALJ was outside of the relevant period, and ranged from November 2013, AR 308, through February 25, 2021, AR 749. To qualify for DIB, a claimant must establish disability on or before the date last insured. 42 U.S.C. § 423(c); 20 C.F.R. § 404.1520. Here, Plaintiff's date last insured was December 31, 2018, and her alleged onset date of disability was September 1, 2016. Thus, Plaintiff needed to establish that she was disabled between September 1, 2016 and December 31, 2018.

During the relevant period, Plaintiff either made no complaints to her medical providers regarding back or shoulder pain, or any pain reported was minimal. *See, e.g.*, AR 401 (Aug. 10, 2016 - annual exam, "no complaints"); 410 (June 12, 2017 - pain score "0/10"); 413 (Aug. 31, 2017 - pain score "3/10"); 407 (March 6, 2017 - describes right back pain as "mild"). In December 2016, she did complain of lower back pain to her doctor but thought it was "possibly due to lifting [her] husband who is 300 lbs." AR 403. And, as the ALJ noted, there are no reports of headaches to her medical providers during the relevant period. AR 23. The ALJ's rationale that Plaintiff's testimony was about more recent symptoms than during the relevant period and that Plaintiff's symptoms were unsupported by the medical record are clear and convincing reasons to discount Plaintiff's testimony and supported by substantial evidence.

  b. **Daily Living Activities**

The ALJ also found that Plaintiff's testimony was inconsistent with her daily living activities during the relevant period. AR 24. Daily living activities may provide a basis for discounting subjective symptoms if the plaintiff's activities either contradict his or her testimony or meet the threshold for transferable work skills. *See Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). "Engaging in daily activities

that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014). A claimant, however, need not be utterly incapacitated to receive disability benefits, and completion of certain routine activities is insufficient to discount subjective symptom testimony. *See Molina*, 674 F.3d at 1112-13 (noting that a "claimant need not vegetate in a dark room in order to be eligible for benefits" (quotation marks omitted)); *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) ("One does not need to be 'utterly incapacitated' in order to be disabled."). The Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (requiring the level of activity be inconsistent with the plaintiff's claimed limitations to be relevant to his or her credibility and noting that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations"). Moreover, particularly with certain conditions, cycles of improvement may be a common occurrence, and it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding that a plaintiff is capable of working. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

      The ALJ did not discuss specific activities that she found contradicted Plaintiff's subjective symptom testimony in directly analyzing Plaintiff's testimony. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015) (finding general rejection of claimant's testimony was insufficient and that ALJ committed legal error when she did not specify what testimony she rejected and why). The ALJ did, however, summarize Plaintiff's testimony regarding how she

spends her time. AR 23. Plaintiff testified that she cares for her husband, who is disabled, and her autistic grandson. AR 37, 40. She cooks meals, goes grocery shopping every two to three weeks, does laundry, and vacuums. AR 41. Her husband helps with the dishes and carries the laundry hamper for her. *Id.* She testified that when doing chores, she needs to take a break every hour or, if she is using her arms, every thirty minutes. AR 46.

These activities are not inconsistent with Plaintiff's claimed limitations and are the types of activities the Ninth Circuit has repeatedly held do not support discounting subjective testimony. The ALJ erred by failing to identify specific, clear, and convincing reasons supported by Plaintiff's daily living activities to reject Plaintiff's subjective symptom testimony.

Although the ALJ erred by discounting Plaintiff's testimony due to her daily activities, the Court still affirms the ALJ's discounting of Plaintiff's subjective symptom testimony as the ALJ's other reason was supported by substantial evidence. *See Batson*, 359 F.3d at 1197 (concluding that the ALJ's evaluation of the claimant's subjective symptom testimony may be upheld even if all the reasons proffered are not valid).

**B. Vocational Expert Testimony**

Plaintiff next assigns error to the ALJ's reliance on the VE's testimony without resolving the inconsistencies between the VE's testimony and the DOT. Plaintiff's RFC limits her to "reach[ing] overhead, bilaterally, occasionally." Relying on the VE's testimony, the ALJ found that Plaintiff was able to perform her past jobs of deli clerk, DOT 316.684-014,[3] and office manager, DOT 169.167-034, both of which involve frequent reaching according to the DOT.

---

[3] Plaintiff argues that the ALJ and VE erred by identifying the deli clerk position with the DOT number of 316.684-010, which is the position of "butcher, chicken and fish" that takes place in hotels and restaurants. The Court finds that given the context of the discussion between the ALJ and the VE, Plaintiff's testimony about her previous job, and the ALJ's opinion, it is sufficiently clear that the ALJ and VE meant the deli clerk position of 316.684-014. *See Molina*, 674 F.3d at 1121 ("Even when an agency explains its decision with less than ideal

PAGE 10 – OPINION AND ORDER

During the hearing, the ALJ added the limitation of bilateral occasional overhead reaching to his second hypothetical for the VE to consider. AR 51. In response to the ALJ's question of whether the two jobs of deli clerk and office manager would still be available with the limitation of occasional overhead reaching, the VE stated, "Yes, Your Honor. I'm basing that on professional work experiences. The DOT doesn't give us a lot of detail regarding use of the upper extremities at various levels." *Id.* Neither the ALJ nor the VE expressly acknowledged that the DOT states that the two jobs require frequent reaching. *See* DOT 316.684-014 (deli cutter-slicer), *available at* 1991 WL 672744; DOT 169.167-034 (manager, office), *available at* 1991 WL 647430.

It is error for an ALJ to rely upon a VE's testimony without obtaining a reasonable explanation for conflicts between a VE's testimony and the DOT or its companion publications. *See* SSR 00-4p, *available at* 2000 WL 1898704, at *1; *see also Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007). An ALJ, however, must seek an explanation only about conflicts that are "obvious or apparent." *Gutierrez v. Colvin*, 844 F.3d 804, 807-08 (9th Cir. 2016). A conflict is only obvious or apparent where the VE's testimony is "at odds with the [DOT's] listing of job requirements that are essential, integral, or expected" to the job at issue. *Id.* at 808. Where the VE identifies jobs for the plaintiff that are familiar and well known, "less scrutiny by the ALJ is required." *Id.*

In *Gutierrez*, the Ninth Circuit held that there was not an obvious conflict between a VE's testimony that a plaintiff who could not reach overhead with her right arm could work as a

---

clarity, [the reviewing court] must uphold it if the agency's path may reasonably be discerned."). The error in identifying the position as with DOT number 316.684-010 appears inadvertent and was harmless. *See id.* at 1115 (noting that an error is harmless if it is "inconsequential to the ultimate nondisability determination").

PAGE 11 – OPINION AND ORDER

cashier, which the DOT described as requiring frequent reaching. *Id.* "While 'reaching' connotes the ability to extend one's hands and arms 'in any direction,' not every job that involves reaching requires the ability to reach overhead." *Id.* (citation omitted). The Ninth Circuit noted that common experience indicated that cashiers, unlike shelf stockers, rarely need to reach overhead. *Id.* Because the "frequency or necessity" of reaching overhead was "unlikely and unforeseeable" for a cashier, the ALJ had no obligation to seek an explanation for the discrepancy. *Id.*

Here, Plaintiff is not barred entirely from reaching with one or both arms but is limited to occasional *overhead* reaching *bilaterally*. Therefore, where the DOT indicates that a job includes reaching, and *some* overhead reaching is perhaps foreseeable in either job, such overhead reaching does not make the VE's testimony so obviously in conflict with the DOT that the ALJ was required to ask follow-up questions.

Moreover, although the conflict between the DOT and the RFC was not *expressly* addressed by the VE, the VE did testify that he believed Plaintiff could perform those jobs based on his "professional work experience" because the "DOT doesn't give us a lot of detail regarding the use of upper extremities *at various levels*." AR 51 (emphasis added). "[A]n ALJ is entitled to rely on a VE's testimony to support a finding that the claimant can perform occupations that exist in significant numbers in the national economy." *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1192 (9th Cir. 2022); *see also Loraine M.d.H. v. Berryhill*, 2018 WL 3970504, at *5 (D. Or. Aug. 20, 2018) ("[T]he DOT is silent on whether any specific occupation necessitates the ability to reach overhead. Indeed, one of the reasons VEs give testimony is to 'provide more specific information about jobs or occupations than the DOT.'" (quoting SSR 00-04p, *available at* 2000 WL 1898704 at *2-3)). A reasonable inference from the VE's statement about "various levels" is that he was using his experience to opine about Plaintiff's limitation in her ability to reach

overhead (a level of reaching), because the DOT only addresses reaching generally. Because the VE based his testimony on his professional experience and not exclusively on the DOT, the ALJ was allowed to rely on the VE's testimony.

In sum, although a deli clerk or office manager may engage in occasional overhead reaching, there was not such an obvious conflict not addressed by the VE that the ALJ was obligated to seek further explanation. Accordingly, the ALJ did not err in relying on the VE's testimony.

## CONCLUSION

The Court AFFIRMS the Commissioner's decision that Plaintiff was not disabled.

**IT IS SO ORDERED**.

DATED this 19th day of October, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge